UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STEPHANIE MILNER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-240-PPS-JPK |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. Defendant Dolgencorp, LLC removed this action from state court on July 12, 2023. The Notice of Removal asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. [DE 1 ¶ 13]. In support of this allegation, the Notice of Removal states that there is complete diversity of citizenship [DE 1 ¶¶ 6-7]. The Notice of Removal also alleges that the amount in controversy exceeds $75,000, exclusive of interests and costs. [*Id.* ¶ 11]. The Court must continuously police its subject matter jurisdiction, and remand this action if the Court lacks subject matter jurisdiction. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); 28 U.S.C. § 1447(c). The Notice of Removal's allegations regarding the amount in controversy are insufficient for the Court to determine if it has subject matter jurisdiction over this litigation. Accordingly, Defendant must file a supplemental jurisdictional statement as further discussed below.

**DISCUSSION**

A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The existence of federal jurisdiction is tested "both at the time of the original filing in state court and at the time of removal." *Altom Transp.,*

*Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A removing defendant bears the burden of proving proper federal jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the Notice of Removal sufficiently alleges the requirements for there to be complete diversity of citizenship. That is, it alleges that (1) "Plaintiff is an individual who resides and is domiciled in the County of Lake in the State of Indiana," and (2) "Defendant Dolgencorp, LLC, is a foreign limited liability company," the "so[le][1] member" of which is "Dollar General Corporation," and the latter is a corporation incorporated and having its principal place of business in Tennessee.[2] The Notice of Removal, however, does not contain sufficient allegations regarding the amount in controversy.

For cases removed based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The notice of removal may assert the amount in controversy, however, if the initial pleading seeks ….

---

[1] The Notice of Removal apparently contains a typographical error in referring to the "**so** member of Dolgencorp, LLC" rather than the "**sole** member of Dolgencorp, LLC." [DE 1 ¶ 7]; *see* [DE 3 (stating that Defendant Dolgencorp, LLC "is a wholly-owned subsidiary of Dollar General Corporation")].

[2] *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC,* 364 F.3d 858, 861 (7th Cir. 2004) (stating that a limited liability company "is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC"); 28 U.S.C. § 1332(c)(1) (a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *Id.* § 1446(c)(2)(A)(ii). In that situation, "removal of the action is proper on the basis of an amount in controversy asserted" in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the [jurisdictional minimum]." *Id.* § 1446(c)(2)(B). The allegation in the notice of removal regarding the amount in controversy can be based on "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery" is to be treated as an "other paper" for this purpose. *Id.* § 1446(c)(3)(A).

In the state court complaint,[3] Plaintiff alleges damages arising from a trip and fall incident on May 9, 2020, at a Dollar General store located in Hamond, Indiana, at which time Plaintiff claims that she "was lawfully walking into the store, when she tripped and fell on a concealed defect with respect to the floor of the Store, causing serious injury to Stephanie." [DE 6-1 ¶ 5]. Plaintiff claims that Defendant was "negligent and/or reckless" by, among other things, "failing to keep and maintain its premises in a reasonably safe manner." [*Id.* ¶ 6]. The complaint does not allege a specific amount in controversy. Since the damages are unspecified, the action is not removable based on Plaintiff's pleading. *See Nelson v. Diversified Logistics Servs., Inc.*, No. 4:20-CV-44-TLS-JEM, 2020 WL 3888177, at *2 (N.D. Ind. July 10, 2020) ("Although Plaintiffs' Complaint alleges damages from personal injuries and requests punitive damages, no dollar amount is specified in compliance with Indiana Trial Rule 8(A)(2)."). Instead, the action may be

---

[3] The applicable complaint is the First Amended Complaint for Damages and Jury Demand [DE 6-1].

removable based upon an allegation by Defendant in the Notice of Removal. However, in so alleging, Defendant must point to "a specific, unequivocal statement from the plaintiff regarding the damages sought." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). As the Seventh Circuit has explained, the removing defendant must "receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must *specifically disclose the amount of monetary damages sought*. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.* (emphasis added); *see, e.g., Redfield v. Uthe,* No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021) (finding that state court complaint did not trigger federal diversity jurisdiction because, "[a]lthough [it] alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought").

Here, Defendant attempts to satisfy this pleading requirement by alleging in the Notice of Removal that Defendant propounded discovery to Plaintiff seeking information regarding the valuation of her claim, but did not receive a response; that Defendant's counsel then conferred with Plaintiff's counsel, and that, Plaintiff's counsel represented at that time that Plaintiff's claim for damages exceeded the requisite $75,000.00 needed for removal. *See* [DE 1 ¶ 10]. According to Defendant, "based on the information available and Defendant's telephone communication with Counsel for Plaintiff, the amount in controversy exceeds $75,000, exclusive of interests and costs required under 28 U.S.C. § 1332(a)." [*Id.* ¶ 11].

4

As an initial matter, Defendant's reference to "the information available" is insufficient. The Seventh Circuit "generally treat[s] the amount-in-controversy threshold as a 'pleading requirement.'" *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (quoting *Blomberg v. Serv. Corp., Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)). Thus, a vague reference to unspecified "information" will not do; Defendant must *plausibly* allege how the stakes exceed the jurisdictional minimum. *Id.*; *see, e.g.,Cellucci v. O'Leary,* No. 19-CV-2752 (VEC), 2021 WL 242806, at *2 (S.D.N.Y. Jan. 25, 2021) (citing cases for the proposition that a conclusory allegation that the amount in controversy requirement is satisfied is not sufficient without allegations to render the conclusory allegation plausible).

The only specific information the Notice of Removal cites to render plausible its assertion that the amount in controversy exceeds the jurisdictional minimum is the representation made by Plaintiff's counsel, apparently in a telephone conversation with Defendant's counsel, purportedly to the effect that Plaintiff's claim for damages exceeded the requisite $75,000.00. *See* [DE 1 ¶¶ 10-11]. While the Court has been unable to find any Seventh Circuit authority on point, district courts in other circuits have held that a plaintiff's oral representation regarding the amount of money sought is not a sufficient basis for removal. A number of the decisions in question are by New York district courts. *See, e.g., Sharrock v. Walmart, Inc.,* No. 19-CV-10016 (PMH), 2020 WL 3638567, at *2–3 (S.D.N.Y. July 6, 2020) (finding insufficient an allegation in the notice of removal concerning the amount in controversy based on the plaintiff's alleged oral demand of $200,000.00); *Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-3476 (SJF) (ARL), 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) (rejecting the plaintiff's argument that an oral settlement

5

demand triggered the 30-day clock to remove a case and stating that "Plaintiff does not suggest, must less establish, that the settlement demand was made in writing.").[4]

In addition, a district court in the Middle District of Florida held that a telephone conversation described in an affidavit submitted by the defendant's counsel was not sufficient to establish that the amount in controversy exceeds the jurisdictional amount. *See Wadsworth v. Fed. Ins. Co.,* No. 6:18-CV-1445-Orl-41DCI, 2018 WL 6977332, at *5 (M.D. Fla. Dec. 6, 2018), *report and recommendation adopted,* No. 6:18-CV-1445-Orl-41DCI, 2019 WL 118046 (M.D. Fla. Jan. 7, 2019). And district courts in the Northern District of Florida and Eastern District of Michigan have held similarly. *See McAndrew v. Nolen,* No. 3:08-cv-294-MCR-MD, 2009 WL 259735, at *4 (N.D. Fla. Feb. 4, 2009) (finding insufficient defendants' counsel's "reasonable belief" that the amount in controversy exceeded the jurisdictional amount based on plaintiffs' counsel's statements over the telephone); *JHohman, LLC v. U.S. Sec. Assocs., Inc.*, 513 F. Supp. 2d 913, 918 (E.D. Mich. 2007) ("there is a line of decisions holding that oral notice does not commence the 30-day period for removal under § 1446(b)"[5]).

---

[4] *See also Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-5306 (AMD) (SMG), 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018) ("District courts in this circuit ... have held that an oral settlement demand is not a sufficient basis for removal."); *250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 339 (W.D.N.Y. 2017) ("[a]n oral assertion is insufficient to start the 30–day clock for a defendant's removal petition ...." (internal quotation marks and citation omitted)); *Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) ("[I]t would be a stretch to equate a purely oral conversation concerning the extent of damages to an 'other paper' for purposes of § 1446(b)(3)." (citing cases)); *Johnson v. Davidson Bros.*, No. 11-Civ. 2816 (TPG), 2011 WL 6014457, at *2 (S.D.N.Y. Dec. 1, 2011) ("As an initial matter, the court disregards counsels' telephone call ..., as an oral conversation is neither a 'pleading' nor 'other paper' capable of triggering the thirty-day filing period set forth in 28 U.S.C. § 1446(b).").

[5] The court cited the following cases in support: *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493-94 (5th Cir. 1996) (holding that defense counsel's "subjective knowledge" obtained in a telephone call with plaintiff's counsel did not qualify as an "other paper," even when the defense attorney memorialized this information in an affidavit); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (holding that "[s]ection 1446(b) does not provide for oral notice"); *Rodgers v. Nw. Mut. Life Ins. Co.*, 952 F. Supp. 325, 328 (W.D. Va. 1997) ("Even though a defendant may

On the other hand, at least one district court in the Middle District of Florida has held to the contrary. *See Perez v. Advance Stores Co., Inc.,* Case No. 2:12-cv-556-FtM-99SPC, 2012 WL 12916057, at *2 (M.D. Fla. Dec. 12, 2012) (finding that defendant's counsel's unrefuted declaration that plaintiff's counsel's stated over the telephone that plaintiff's medical bills totaled $84,921.60 was sufficient to establish that the amount in controversy exceeded the jurisdictional minimum).

In addition, even if an attorney's statement over the telephone may be the kind of evidence through which a removing party may carry its burden, there is case law holding that a bare assertion by the plaintiff as to the amount in controversy "without more (such as specific justification for that amount, appraisals, damage estimates, or invoices for repairs), is equivalent to [ ] puffery and, thus, is insufficient to establish that the amount in controversy exceeds the jurisdictional amount." *Wadsworth,* 2018 WL 6977332, at *5 (citing *Morris v. Bailo*, Case No. 2:17-cv-224-FtM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017) (finding email chain were plaintiff's counsel "attests to a 'ball park figure' of $500,000 in damages" insufficient to establish the amount in controversy by a preponderance of the evidence)).

---

believe or have actual knowledge that the amount in controversy is sufficient to support removal to federal court, he must still wait until he has obtained written notice from the plaintiff as to the amount of damages sought."); *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (reasoning that "[t]he statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers"). *See JHohman, LLC,* 13 F. Supp. 2d at 918. The court in *Oldson v. Extended Stay America, Inc.,* 581 F. Supp. 3d 857, 860-61 (W.D. Ky. 2022), declined to follow *JHohman, LLC,* but the disagreement was over whether a failure to respond to a request to admit could be considered an "other paper," whereas in this case the issue is whether an oral telephone conversation so qualifies.

## **CONCLUSION**

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must allege a sufficient basis for concluding the amount in controversy requirement is met for this Court to assert subject matter jurisdiction over the removed state court complaint. Defendant must either allege receipt of an "other [written] paper" clearly revealing the amount in controversy, or else present a persuasive argument with supporting case citations that a writing is not required. In addition, Defendant must allege specific justification for the amount in controversy allegedly sought by Plaintiff, such as medical expenses incurred, or else present a persuasive argument with supporting case citations that specific details are not required.

Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **September 12, 2023** a supplemental jurisdictional statement including facts and/or persuasive arguments as outlined above. In the alternative, if Defendant is unable to allege additional facts and/or is unable to present good faith arguments for not requiring additional facts as set forth above, Defendant may file an agreed motion to remand to state court instead.

So ORDERED this 29th day of August, 2023.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT